No. 35,977

WINIFRED ZEILER, *Appellee*, v. CHARLEY ZEILER, *Appellant*.

(146 P. 2d 649)

Opinion filed March 4, 1944.

*J. N. Tincher, Clyde Raleigh* and *J. N. Tincher, Jr.*, all of Hutchinson, were on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment overruling defendant's demurrer to plaintiff's evidence in a suit for a divorce.

In her petition plaintiff alleged that she was and had been a resident of Reno county for more than a year; that she and defendant were married in Oklahoma in October, 1938, and that they had no

children; and that—"Plaintiff for her cause of action against the defendant alleges that he is guilty of abandonment."

Plaintiff also alleged that she was entirely without fault in respect to her duties as wife of defendant. She also alleged that there was no community property to be divided between them. She concluded her petition with a prayer for a decree of divorce and for restoration of her maiden name.

Service was obtained by publication, which was unsuccessfully attacked by defendant. He then answered alleging that he was and had been a resident of Oklahoma for more than one year last past, and that the affidavit filed by plaintiff to obtain service by publication was false.

Defendant's answer also alleged that he and plaintiff were married in Oklahoma in October, 1937, and denied that he was guilty of abandonment, and alleged that he had never abandoned her; but that plaintiff left their home one day while defendant was at work, and that her whereabouts were unknown to defendant for about thirty days; that thereafter he learned that she was living in Hutchinson, Kan., and that he immediately telephoned and wired her to come home and sent her money to live on; that defendant came to Hutchinson to escort her back to their home, but that her relatives had him arrested by the Hutchinson police when he attempted to help her pack her clothes; that he had continuously thereafter attempted to persuade plaintiff to return with him to Oklahoma, but that her relatives prevailed upon her not to live with defendant.

Defendant verified his answer with a positive affidavit of its truth.

When the case came on for hearing, plaintiff in response to the first question asked her, how long she had been a resident of Kansas, answered:

"Well, I have been here, I left my husband, it will be I think three years the 6th of this December, and I have been here all the time but the time when my sister taken me to Oklahoma for treatments, took me back there for doctoring there.

. . . . . . . . . . . . .

"Q. Do you have any property that you [and your husband] accumulated? A. Well, we managed to buy a little furniture in Garber and I went off and left it, and I guess an old car; I forgot about that.

. . . . . . . . . . . .

"Q. Now, how did your husband treat you? You allege he abandoned you. How did he treat you? A. He treated me very cruel,—

[Counsel for defendant]: "Just a minute; we object to that as not within

the issues of this case. The evidence should be confined in this case to abandonment.

"By the Court: Well, I think it will be relevant to that issue. Overruled."

Asked where she went when she left Garber, Okla., where she and her husband had been living she answered:

"I went out to my father's. I asked my father if I could use the car at Enid, and he said 'Yes.' I never even told my father I was leaving because I knew he would ask me to go back again and I told him when I left him this time it would be the last time.

. . . . . . . . . . . . . . . .

"Q. He has 'phoned you after you came up here? A. He has 'phoned me lots of times.

"Q. Your answer to that is 'yes' then. Did you tell him you would come home? A. Oh, no; I never told him that."

A careful examination of the record reveals nothing further which bears on the issue of abandonment.

At the conclusion of plaintiff's evidence defendant interposed a demurrer thereto on the ground that it wholly failed to prove abandonment, and likewise failed to maintain the burden of proof on the prerequisite of plaintiff's residence in Kansas for one year immediately preceding the commencement of her action. (G. S. 1935, 60-1502.)

This demurrer was overruled; and defendant appeals, assigning error thereon.

Abandonment for one year is one of the statutory grounds upon which a divorce may be granted in this state. (G. S. 1941 Supp. 60-1501.) On whatever theory the trial court overruled defendant's demurrer to plaintiff's evidence, a painstaking perusal of the record reveals no evidence of any sort which tends in the slightest degree to support the charge of abandonment. In the few cases in which this court has had to consider abandonment for one year as a ground for granting a divorce, we have held that in the absence of substantial evidence in support of the alleged charge, the action must fail. Thus in *Smith v. Smith,* 22 Kan. 699, 701, this court, speaking by Mr. Justice Brewer, said:

"But abandonment, which is a neglect or omission of all marital duty, must continue for a year. That being named as one of the grounds of divorce, and the duration of such abandonment prescribed, nothing less than the time prescribed will suffice. An abandonment for one month or ten, although it involves a total neglect of all marital duty, is not gross neglect of duty within the statute. Something more than mere neglect, although it is a neglect of all duty, is requisite. If neglect alone is shown, it must be a total neglect, and continue for a year."

In accord with this early case is *Banta v. Banta*, 112 Kan. 713, 716, 212 Pac. 657. See, also, *Tisdale v. Wilson & Co.*, 141 Kan. 885, 890, 43 P. 2d 1064.

In view of the foregoing we need not be concerned with defendant's point on the insufficiency of the publication service to bring defendant into court.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer to plaintiff's evidence and to render judgment for defendant.